```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NAOMI F.,

                Plaintiff,                    DECISION AND ORDER
        v.
                                              6:21-cv-06092-EAW
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____
```

## INTRODUCTION

Plaintiff Naomi F. ("Plaintiff") seeks attorneys' fees in the amount of $18,754.50 pursuant to 42 U.S.C. § 406(b). (Dkt. 19). The Commissioner of Social Security ("the Commissioner") neither supports nor opposes Plaintiff's fee request. (Dkt. 21). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On February 1, 2021, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB"). (Dkt. 1). Plaintiff moved for judgment on the pleadings on January 21, 2022. (Dkt. 10). On June 2, 2022, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision and remanding the matter for further proceedings. (Dkt. 12).

By Stipulated Order filed on September 23, 2022, the Court approved payment of $7,318.55 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Dkt. 18).

On September 13, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's claims, which stated that Plaintiff was awarded $103,818.00 in past-due benefits and the Commissioner withheld $25,954.50 from that amount to pay for Plaintiff's attorneys' fees. (Dkt. 19-3 at 3).

On November 22, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $18,754.50 in attorneys' fees. (Dkt. 19). In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $7,318.55 under the EAJA; however, it did not receive it because it was offset to pay Plaintiff's obligation under the Treasury Offset Program. (Dkt. 19-2 at ¶ 17). The Commissioner filed a response on December 20, 2023. (Dkt. 21).

## DISCUSSION

### I. Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

While Rule 54 requires a fee motion be filed within 14 days, a court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Sinkler*, 932 F.3d at 89 ("district courts are empowered to enlarge [the 14-day] filing period where circumstances warrant"). "'[E]xcusable neglect' is an 'elastic concept,' that is 'at bottom an equitable

- 2 -

one, taking account of all relevant circumstances surrounding the party's omission.'" *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004) (internal citation omitted). "To determine whether a party's neglect is excusable, a district court should take into account: '[1][t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)) (alterations in original).

Here, the Commissioner issued the Notice of Award on September 13, 2023. (Dkt. 19-3). Considering the requirements of Fed. R. Civ. P. 6(d) and 54(a)(2)(B), Plaintiff's motion for attorneys' fees was due on October 2, 2023.[1] Plaintiff filed her application over seven weeks late on November 22, 2023. (Dkt. 19). Plaintiff's counsel argues that Plaintiff's late filing should be excused because his office was not aware of the award until early November 2023, and did not actually receive Plaintiff's Notice of Award until November 21, 2023. (Dkt. 19-1 at 2-3; Dkt. 19-2 at ¶¶ 11-14).[2] Counsel further submits

---

[1] Because the seventeenth day fell on Saturday, September 30, 2023, Plaintiff's motion would have been due on Monday, October 2, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] Plaintiff's counsel's affidavit references various exhibits that are attached to it, but fails to identify those exhibits by number and letter (*see, e.g.*, Dkt. 19-2 at ¶ 12 ("A copy of that letter is attached as an exhibit.")), thus making it more cumbersome for the Court to decipher the specific exhibit being referenced by counsel. Counsel is forewarned that in the future, the Court may reject any affidavit that fails to appropriately identify the referenced exhibit.

that Plaintiff's motion, having been filed the day after his office received Plaintiff's Notice, was timely.  (Dkt. 19-1 at 3).

Under the circumstances of this case, the Court finds excusable neglect and exercises its discretion to excuse Plaintiff's delay in submitting the instant application.  The Court finds that Plaintiff's counsel appears to have acted in good faith and no party has suffered any prejudice by the short delay.  Although there is an argument that Plaintiff's counsel (and Plaintiff) should have been more vigilant in their communications with each other, it also appears that the Commissioner was aware of Plaintiff's counsel's involvement in the case and therefore, arguably should have mailed the Notice of Award to counsel when it was issued.  In sum, excusable neglect justifies the late filing.

## II. The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*.  "Within the 25 percent boundary, . . . the attorney

for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award

- 5 -

of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $18,754.50, and indicates that this amount is significantly less than 25 percent of the total amount of past-due benefits—$103,818.00—awarded by the Commissioner. (Dkt. 19-1 at 7, 8; Dkt. 19-3 at 3). The Commissioner neither supports nor opposes counsel's request for $18,754.50. (Dkt. 21 at 1). Utilizing the factors set forth above, the Court finds that the amount counsel seeks is below the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation resulting in Plaintiff's matter being remanded for further proceedings and eventually successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claim was uncertain as demonstrated by multiple denials of her application at the agency level. Accordingly, the amount expended by counsel was reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's expertise, and the absence of any significant delay in the proceedings caused by counsel.

The requested fee would result in a *de facto* hourly rate of $528.30 ($18,754.50 divided by 35.5 hours). (Dkt. 19-1 at 8; Dkt. 19-2 ¶ 18; Dkt. 19-5 at 2, 4). The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $400.00 per hour (Dkt. 19-2 at ¶ 21), counsel's successful representation of Plaintiff's interests achieved reversal of the Commissioner's decision and

remand of Plaintiff's application, ultimately resulting in a favorable decision. (Dkt. 19-4). The effective hourly rate of $528.30 falls within (or below) the range of rates under § 406(b) approved by courts. *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Hennelly v. Kijakazi*, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (an hourly rate of $1,705.16 did not constitute "windfall" to counsel); *Leonard J.H. v. Comm'r of Soc. Sec.*, No. 18-CV-1436-FPG, 2023 WL 2768300, at *4 (W.D.N.Y. Apr. 4, 2023) (an hourly rate of $1,473.77 was not a windfall to counsel) (collecting cases); *John C. v. Comm'r of Soc. Sec.*, No. 20-CV-99-FPG, 2023 WL 2623584, at *2 (W.D.N.Y. Mar. 24, 2023) (court approved the *de facto* hourly rate of $1,685.39). Accordingly, in light of the above, the Court finds that the requested fee award of $18,754.50 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also mindful that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371. Accordingly, the Second Circuit has "recognized that contingency risks are 'necessary factors' in determining reasonable fees under § 406(b)." *Id*.

The Court also notes that although counsel was awarded the sum of $7,318.55 under the EAJA, it did not receive the award because it was offset to pay Plaintiff's obligation under the Treasury Offset Program. (Dkt. 19-6). Therefore, there are no fees under the EAJA that Plaintiff's counsel is required to return to Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 19) is granted, and the Court Plaintiff's counsel is awarded attorneys' fees in the amount of $18,754.50.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     February 28, 2024
           Rochester, New York